UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
    Plaintiff,

vs.

ANTHONY CADOGAN, et al.,
    Defendants.

Case No. 1:16-cv-487

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this *pro se* civil rights action under 42 U.S.C. § 1983. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In this § 1983 prisoner action, plaintiff brings claims against numerous correctional officials and employees at SOCF and the Ohio Department of Rehabilitation and Correction (ODRC). The "Listed Defendants" are: Anthony Cadogan, SOCF's Deputy Warden of Special Services; Faisal Ahmed, SOCF's Chief Medical Officer; Rossena Clagg, SOCF's Health Care Administrator; Mr. Cool, SOCF's Deputy Warden of Operations; Captain Whittman, an SOCF "Mail Department" supervisor; Lieutenant Frazie, a former SOCF "Mail Department" supervisor; SOCF mail attendants "Mr. Satterfield" and "Mr. Mead"; Mrs. Mahlman, SOCF's Institutional Inspector; Mr. Roger Wilson, ODRC's Chief Inspector; Mr. Eugene Hunyadi, ODRC's Assistant Chief Inspector; Mr. Holdren of SOCF's Safety and Sanitations Department; and ten "John/Jane Doe" defendants. (Doc. 1, Complaint, at PAGEID#: 11-15). Construing the complaint liberally, it appears that plaintiff is bringing four causes of action.

The first cause of action involves a claim of "medical deliberate indifference" brought against defendants Cadogan, Ahmed and Clagg. (*See id.*, at PAGEID#: 16). Plaintiff alleges that he "sustained a severe injury" on March 3, 2015 when he broke a bone in his right hand.

3

Plaintiff claims that although he complained to "numerous state officials and medical staff," they disregarded his "desperate pleas for medical treatment." (*Id.*). Plaintiff states that "[a]t some point in time" after he went on a hunger strike on March 6, 2015, he was taken to the infirmary for x-rays, which confirmed he had a broken bone. (*Id.*, at PAGEID#: 16-17). He was examined by defendant Ahmed on March 9, 2015. (*Id.*, at PAGEID#: 17). Plaintiff claims that during the examination, he was assaulted by Ahmed and "unidentified state officials" in retaliation for filing a lawsuit against Ahmed in 2014. (*Id.*). Plaintiff alleges that "the entire incident . . . was revised by state officials" based on "fabrications" to make it "appear as if the plaintiff was the aggressor." (*Id.*, at PAGEID#: 18). Plaintiff states that on March 17, 2015, he was "finally medically transferred and admitted to a[n] appropriate medical facility," and underwent surgery on March 18, 2015. (*Id.*). He further alleges that he received inadequate medical care upon his return to SOCF, which resulted in his hand becoming so "grossly infected, inflamed and swollen with foul smelling discharge" that he "had to be emergency transfer[r]ed to O.S.U. where . . . written recommendations were made for needed treatment." (*Id.*). Plaintiff claims that since his return from O.S.U., he has been refused "all medical treatment" and that, due to the lack of care he has received, his right hand is "permanently disfigured." (*Id.*).

The second cause of action involves a claim of "Retaliation/Campaign of Harassment" brought against the "Listed Defendants and unidentified state officials." (*Id.*, at PAGEID#: 19). Plaintiff alleges as factual support for the claim that he was awakened on July 2, 2015 by an "unknown noise, followed by a very potent chemical aroma and a[n] unidentified state employee making a comment in relation to a previous civil complaint [filed against defendant

4

Clagg, as well as others] . . . along the lines of 'That will teach you to sue Ms. Clagg.'" (*Id.*). Plaintiff claims that the chemical substance caused him to suffer "lung/breathing complications and severe coughing." (*Id.*, at PAGEID#: 20). Plaintiff states that he "made desperate attempts at obtaining emergency medical treatment by submitting [a] health service request, institutional correspondence and utilizing available state remedies with grievance procedures." (*Id.*). He claims that he was refused "medical treatment and den[ied] any inquiry []or proper investigations." (*Id.*). He further alleges that on August 2, 2015, he "had to be emergency transfer[r]ed to SOCF's medical infirmary" due to his "suffocating symptoms and breathing complications." (*Id.*). Plaintiff claims that "unidentified medical staff fraudulently reported [that] plaintiff refused medical treatment" on that date. (*Id.*). Plaintiff also claims that he "still suffers breathing complications from the July 2, 2015" incident and that, to date, he has been denied any form of medical treatment or testing for those issues. (*Id.*, at PAGEID#: 21).

The third cause of action involves another claim of "Retaliation/Campaign of Harassment" stemming from restrictions placed on plaintiff's use of the prison grievance procedures. (*See id.*, at PAGEID#: 22). The claim is brought against defendants Mahlman, Wilson, Hunyadi and "unidentified state officials." (*Id.*). Plaintiff alleges that in June and July of 2015, he and other SOCF inmates utilized the prison grievance procedure to challenge "ongoing U.S. mail obstructions" at the prison. (*Id.*). In July 2015, he was served with an "Informal Complaint Resolution Restriction," which was endorsed by defendants Mahlman and Hunyadi. (*Id.*). The restriction was imposed for the "stated reason of 'Abused,' 'Misused' and "repetitive filing of complaints.'" (*Id.*). In July 2015, defendant Mahlman also filed a Conduct Report, which charged that plaintiff "conspired with other inmates to file grievances

5

on the mail room" and "set forth justifications [for] the state remedy restriction." (*Id.*, at PAGEID#: 23). Plaintiff states that he "immediately notified defendant . . . Wilson" of these actions, but that Wilson "refused to take necessary actions to end" the restriction. (*Id.*).

Finally, the fourth cause of action involves a third claim of "Retaliation/Campaign of Harassment" stemming from alleged "U.S. mail tamperings and obstructions." (*Id.*, at PAGEID#: 24). The claim is brought against the following defendants: Mr. Cool; Mr. Frazie; Mr. Whittman; Mr. Mead; Mr. Satterfield; and "other unidentified state officials." (*Id.*). As support for his claim, plaintiff cites 22 specific instances of misconduct in the prison mail department's handling of his mail during an eighteen-month period of time beginning in June 2014. (*See id.*, at PAGEID#: 24-31).[1]

As relief, plaintiff seeks both declaratory relief and compensatory and punitive damages. (*See id.*, at PageID#: 32).

Upon review of the complaint, the undersigned concludes that some of plaintiff's claims are deserving of further development and may proceed at this early stage in the proceedings. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). However, as discussed below, some of the named defendants are subject to dismissal and portions of the complaint should be dismissed for failure to state a claim upon which relief may be granted by this Court.

1. **Defendant Holdren**

Defendant Holdren should be dismissed as a named defendant because plaintiff has not stated a claim for relief against the SOCF Safety and Sanitations Department employee.

---

[1] It is noted that the complaint contains 23 alleged acts of misconduct in the handling of plaintiff's mail. However, one of the alleged acts ("Act 8") does not pertain to the handling of plaintiff's mail, but rather to plaintiff's third cause of action challenging the restriction that was placed on the filing of grievances when plaintiff and other inmates began to utilize the grievance procedure to contest "U.S. mail obstructions." (*See* Doc. 1, Complaint, at PAGEID#: 26).

Plaintiff has not alleged any facts even remotely suggesting that Holdren had any involvement in the incidents giving rise to the four causes of action alleged in the complaint.

2. **First Cause Of Action: "Medical Deliberate Indifference"**

At this stage in the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed with the cause of action under 42 U.S.C. § 1983 against defendant Faisal Ahmed based on the allegation that Ahmed was deliberately indifferent to plaintiff's serious medical needs by failing to treat the broken bone and post-surgery infection in plaintiff's right hand. Plaintiff may also proceed with a claim against Ahmed and other "John/Jane Doe" defendants to the extent that plaintiff has alleged those individuals assaulted him during a medical examination on March 9, 2015. However, plaintiff's allegations are insufficient to state a viable § 1983 claim against the two other supervisory prison officials, Cadogan and Clagg, named as defendants in the first cause of action.

Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *see also*

*Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Plaintiff has not alleged any facts even remotely suggesting that Cadogan or Clagg directly participated in the alleged unconstitutional conduct of defendant Ahmed or the "John/Jane Doe" defendants. (*See* Doc. 1, Complaint, at PAGEID#: 16-18). Plaintiff's conclusory assertion that Cadogan and Clagg were "deliberately indifferent" to his medical needs without any "further factual enhancement" is simply insufficient to state an actionable claim for relief against those supervisory prison officials. *See Twombly*, 550 U.S. at 555-57.

### 3. Second Cause Of Action: Claim Stemming From July 2, 2015 Incident

In the second cause of action, the only viable § 1983 claims are brought against (1) an unidentified "John/Jane Doe" defendant for allegedly exposing plaintiff to a harmful chemical substance on July 2, 2015 in retaliation for plaintiff's filing a lawsuit against defendant Clagg, and (2) unidentified "John/Jane Doe" defendants who allegedly refused to provide medical treatment to plaintiff for injuries suffered in the incident. Plaintiff has not alleged any facts to support the inference that any of the identified named defendants were involved in the incident or in the alleged denial of medical care that occurred after the incident. (*See* Doc. 1, Complaint, at PAGEID#: 20-21). The mere fact that the alleged retaliatory act stemmed from the plaintiff's lawsuit against Clagg is insufficient to suggest that Clagg acquiesced in or participated in that act. Furthermore, plaintiff's general allegation that the "Listed Defendants and responsible state officials" refused to provide medical treatment and denied "any inquiry []or proper

investigations" is simply too conclusory and is tantamount to an unadorned "the-defendant-unlawfully-harmed-me accusation" prohibited by *Iqbal,* 556 U.S. at 678, and should be dismissed. Therefore, the only claims in the second cause of action that survive screening are the claims against the "John/Jane Doe" defendant who allegedly exposed plaintiff to the chemical substance on July 2, 2015 and the "John/Jane Doe" defendants who allegedly refused to provide medical treatment for injuries suffered in that incident.

**4. Third Cause Of Action: Grievance Procedure Restriction**

The third cause of action brought against defendants Mahlman, Wilson, Hunyadi and "unidentified state officials" for placing restrictions on plaintiff's use of prison grievance procedures should be dismissed on the ground that plaintiff has failed to state claim upon which relief can be granted. (*See* Doc. 1, Complaint, at PAGEID#: 22-23). In order to state a viable § 1983 claim, plaintiff must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). Here, plaintiff's factual allegations do not give rise to a plausible claim of federal constitutional dimension because he has no right under the Constitution to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber,

9

J.); *Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted,* 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000).

**5. Fourth Cause Of Action: Handling Of Mail**

At this stage in the proceedings, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed with his fourth cause of action for alleged "U.S. mail tamperings and obstructions," which has been brought against the following defendants: Mr. Cool; Mr. Frazie; Mr. Whittman; Mr. Mead; Mr. Satterfield; and "other unidentified state officials." (Doc. 1, Complaint, at PAGEID#: 24-31). *See generally American Civil Liberties Union Fund of Michigan v. Livingston Cnty.,* 796 F.3d 636 (6th Cir. 2015).

Accordingly, in sum, plaintiff may proceed with the following claims alleged in the complaint: (1) his first cause of action to the extent that plaintiff has alleged a claim against defendant Ahmed based on the failure to treat a broken bone and infection in plaintiff's right

10

hand, as well as a claim against defendant Ahmed and unidentified "John/Jane Doe" defendants for assaulting plaintiff during a medical examination on March 9, 2015; (2) his second cause of action to the extent that plaintiff has alleged claims against a "John/Jane Doe" defendant for committing a retaliatory act by exposing plaintiff to a harmful chemical substance on July 2, 2015, and against "John/Jane Doe" defendants who allegedly refused to provide medical treatment for injuries suffered in that incident; and (3) his fourth cause of action for alleged "U.S. mail tamperings and obstructions," which has been brought against defendants Cool, Frazie, Whittman, Mead, Satterfield, and "other unidentified state officials."

### IT IS THEREFORE RECOMMENDED THAT:

The following portions of the complaint should be dismissed for failure to state a claim upon which relief may be granted: (1) claims against defendants Cadogan and Clagg in plaintiff's first cause of action; (2) claims alleged in plaintiff's second cause of action, except for the claims brought against the "John/Jane Doe" defendant who allegedly exposed plaintiff to a harmful chemical substance on July 2, 2015 and the "John/Jane Doe" defendants who allegedly refused to provide medical treatment for injuries suffered in that incident; and (3) plaintiff's third cause of action. In addition, the following named defendants should be dismissed from this action: Mr. Holdren; Anthony Cadogan; Rossena Clagg; Mrs. Mahlman; Mr. Roger Wilson; and Mr. Eugene Hunyadi.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed with the following claims alleged in his complaint: his first cause of action to the extent that plaintiff has alleged a claim against defendant Ahmed based on the failure to treat a broken bone and infection in plaintiff's right hand, as well as a claim against

11

defendant Ahmed and unidentified "John/Jane Doe" defendants for assaulting plaintiff during a medical examination on March 9, 2015; his second cause of action to the extent that plaintiff has alleged claims against a "John/Jane Doe" defendant for committing a retaliatory act by exposing plaintiff to a harmful chemical substance on July 2, 2015, and against "John/Jane Doe" defendants who allegedly refused to provide medical treatment for injuries suffered in that incident; and his fourth cause of action for alleged "U.S. mail tamperings and obstructions," which has been brought against defendants Cool, Frazie, Whittman, Mead, Satterfield, and "other unidentified state officials."

    2. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon the following defendants as directed by plaintiff, with costs of service to be advanced by the United States: Faisal Ahmed; Mr. Cool; Captain Whittman; Lieutenant Frazie; Mr. Satterfield; and Mr. Mead.

    Plaintiff is advised that before service may be issued upon any of the remaining "John/Jane Doe" defendants, he must file a motion to issue service setting forth the identity of those defendants. Plaintiff must also provide updated United States Marshal and summons forms for service on each of the unknown defendants once their identities are discovered. Plaintiff is therefore **ORDERED** to file a motion to issue service, including updated United States Marshal and summons forms, if and when plaintiff discovers the identity of the remaining "John/Jane Doe" defendants through discovery. No service will be issued on those defendants unless plaintiff complies with this Order.

    3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel,

upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 5/2/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
   Plaintiff,

vs.

ANTHONY CADOGAN, et al.,
   Defendants.

Case No. 1:16-cv-487

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

14