UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
    Plaintiff,

vs.

ANTHONY CADOGAN, et al.,
    Defendants.

Case No. 1:16-cv-00487

Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

## I. Introduction

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action under 42 U.S.C. § 1983 claiming that defendants violated his rights under the First and Eighth Amendments to the United States Constitution. (Doc. 3). This matter is before the Court on plaintiff's "Request for Monetary-Injunction Relief." (Doc. 4). Defendants have filed a response to plaintiff's motion, which they construe as a motion for preliminary injunction under Fed. R. Civ. P. 65(a) (Doc. 18), and plaintiff has filed a reply in support of the motion (Doc. 21).

## II. Background

Plaintiff was granted leave to proceed *in forma pauperis* in this matter on May 3, 2016. (Doc. 2). Plaintiff's pro se complaint and his motion for injunctive relief, which he submitted with his complaint, were filed on that same date. (Docs. 3, 4). The undersigned performed a *sua sponte* review of the complaint on May 3, 2016. (Doc. 6). In construing plaintiff's claims, the undersigned considered the supporting allegations set forth in the motion for injunctive relief. An Order and Report and Recommendation was issued on May 3, 2016, recommending that certain claims and defendants be dismissed and ordering that plaintiff could proceed on the following claims:

[Plaintiff's] first cause of action to the extent that plaintiff has alleged a claim against defendant [Dr. Faisal] Ahmed based on the failure to treat a broken bone and infection in plaintiff's right hand, as well as a claim against defendant Ahmed and unidentified "John/Jane Doe" defendants for assaulting plaintiff during a medical examination on March 9, 2015; his second cause of action to the extent that plaintiff has alleged claims against a "John/Jane Doe" defendant for committing a retaliatory act by exposing plaintiff to a harmful chemical substance on July 2, 2015, and against "John/Jane Doe" defendants who allegedly refused to provide medical treatment for injuries suffered in that incident; and his fourth cause of action for alleged "U.S. mail tamperings and obstructions," which has been brought against defendants [Mr.] Cool, [Lieutenant] Frazie, [Captain] Whittman, [Mr.] Mead, [Mr.] Satterfield, and "other unidentified state officials."

(Doc. 5).

**III. Preliminary injunction standard**

Fed. R. Civ. P. 65(a)(1) states: "The court may issue a preliminary injunction only on notice to the adverse party." In determining whether to issue a preliminary injunction, the court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736. A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

2

## IV. Preliminary injunctive relief

Plaintiff has not made clear in his request for an injunction precisely what continuing unlawful conduct he is seeking to enjoin. Further, plaintiff has made no attempt to apply the factors to be balanced under Rule 65(a) to his situation. There has been no further development of the factual record following the undersigned's *sua sponte* review of the complaint, and plaintiff has not provided any additional information in connection with his motion for injunctive relief to show there is a substantial likelihood of success on the merits of his constitutional claims. Moreover, plaintiff has not alleged facts showing that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's complaint is premised on incidents that he alleges occurred in 2014 and 2015. He has not made any specific allegations or offered proof of continuing violations. Plaintiff only generally alleges that defendants continue to tamper with and withhold his mail. (Doc. 4 at 20). Finally, while defendants do not allege that an injunction would impose substantial harm, neither has plaintiff shown that the public interest would be served by a preliminary injunction. Thus, the balance of factors weighs against granting a preliminary injunction under Fed. R. Civ. P. 65(a)(1).

A preliminary injunction is not warranted in this case for the additional reason that the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held -- would not be served. *See Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991). According to plaintiff, the status quo in this case is that he has suffered numerous violations of his constitutional rights. Plaintiff does not seek to preserve such circumstances until trial.

For these reasons, plaintiff's motion for a preliminary injunction (Doc. 4) should be

**DENIED**.

**IT IS SO RECOMMENDED**.

Date: 8/16/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMY P. GALLANT,
    Plaintiff

Case No. 1:16-cv-00383

Dlott, J.
Litkovitz, M.J.

vs.

MR. HOLDREN, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).