UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy P. Gallant,

    Plaintiff,

v.

Anthony Cadogan, *et al.*,

    Defendants.

Case No.: 1:16-cv-00487

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's August 16, 2016 Report and Recommendation ("R&R") that Plaintiff's Motion for a Preliminary Injunction be denied. (Doc. 24).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&R. (Doc. 26). Defendants filed a Response to Plaintiff's Objections. (Doc. 27).

For the reasons stated below, Plaintiff's Preliminary Injunction is DENIED; and the Court ADOPTS the Magistrate Judge's August 16, 2016 R&R.

### I. BACKGROUND

Plaintiff is an inmate currently incarcerated at the Southern Ohio Correctional Facility ("SOCF"). Plaintiff brings his claims *pro se* under 42 U.S.C. §1983 against numerous SOCF employees and "other unidentified state officials" alleging that Defendants violated his First and Eight Amendment rights. (Doc. 5). Plaintiff requests

"Monetary-Injunction Relief" based on four separate causes of action.  (Doc. 5).  First, Plaintiff maintains that Dr. Faisal Ahmed failed to treat a broken bone and infection in Plaintiff's right hand and claims that Dr. Faisal Ahmed and unknown "John/Jane Doe" defendants assaulted Plaintiff during a medical examination on March 9, 2015.  (Doc. 5).  Second, Plaintiff alleges that "John/Jane Doe" defendants retaliated against Plaintiff and exposed Plaintiff to a harmful chemical substance on July 2, 2015.  (Doc. 5).  Third, Plaintiff asserts that "John/Jane Doe" failed to treat Plaintiff after the July incident.  (Doc. 5).  Last, Plaintiff brings action against defendants Mr. Cool, Lieutenant Frazie, Captain Whitman, Mr. Mead, Mr. Satterfield, and "other unidentified state officials" for "U.S. mail tampering and obstructions."  (Doc. 5).

The Magistrate Judge has set forth the remaining procedural and factual background in her R&R and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

## II. ANALYSIS

### A. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed.R.Civ.P. 72(a).  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 65(a) permits a party to seek a preliminary injunction when the party believes it will suffer irreparable harm absent judiciary intervention. Fed.R.Civ.P. 65(a). The following factors are considered in determining whether to issue a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuing the injunction. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2008). Preliminary injunctive relief is an extraordinary remedy that should be granted only if the movant carries the burden of proving that the circumstances clearly demand it. *See Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

**B. Preliminary Injunctive Relief**

Plaintiff objects to the Magistrate's recommendation to deny the preliminary injunction and requests that the court stay the proceedings "until Plaintiff has had a chance to obtain materials to prevail on merits of case." (Doc. 26, 1). However, a stay is unnecessary because preliminary injunctive relief is unwarranted. First, as the Magistrate Judge pointed out, Plaintiff has made no attempt to apply the legal standard to determine whether a preliminary injunction is appropriate. (Doc. 24, 3). The

Magistrate's application of the balancing test correctly found that the factors weigh against granting the preliminary injunction. (Doc. 24, 3).

Second, as the Magistrate made known, preliminary injunctive relief would not serve Plaintiff's interests. Plaintiff's request for "Monetary-Injunction Relief" appears to confuse retroactive monetary relief with prospective injunctive relief. "Retroactive relief compensates the plaintiff for a past violation of his legal rights. . . [and] usually takes the form of money damages." *Doe v. Wigginton*, 21 F.3d 733, 736-37. Conversely, the purpose of prospective injunctive relief "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (internal quotation marks omitted). According to Plaintiff, he has suffered numerous violations of his constitutional rights. Plaintiff does not wish to preserve this situation until trial.[1] Therefore, prospective injunctive relief is improper.

### III. CONCLUSION

Based on the foregoing, that Magistrate Judge's August 16, 2016 R&R (Doc. 24) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that Plaintiff's motion for a preliminary injunction be **DENIED**.

**IT IS SO ORDERED.**

          */s/ Michael R. Barrett*
          JUDGE MICHAEL R. BARRETT

---

[1] Plaintiff's four causes of actions seek compensation for defendants' past actions that occurred in 2014 and 2015. The only ongoing unlawful conduct Plaintiff alleged is that defendants continue to obstruct and tamper with his mail. (Doc. 24, 20).