UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy P. Gallant,

    Plaintiff,

v.

Anthony Cadogan, *et al.*,

    Defendants.

Case No.: 1:16-cv-00487

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's May 3, 2016 Report and Recommendation ("R&R") that portions of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted. (Doc. 5).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&R. (Doc. 7). Defendants filed a Response to Plaintiff's Objections. (Doc. 17).

For the reasons stated below, Plaintiff's objections are OVERRULED; and the Court ADOPTS the Magistrate Judge's May 3, 2016 R&R.

### I. BACKGROUND

Plaintiff is an inmate currently incarcerated at the Southern Ohio Correctional Facility ("SOCF"). Plaintiff brings his claims *pro se* under 42 U.S.C. §1983 against numerous SOCF employees and "other unidentified state officials" alleging that Defendants violated his constitutional rights. (Doc. 5).

In his first cause of action, Plaintiff alleges that Dr. Faisal Ahmed failed to treat a broken bone and infection in Plaintiff's right hand; and that Dr. Ahmed and unknown "John/Jane Doe" defendants assaulted Plaintiff during a medical examination on March 9, 2015. (Doc. 5). In his second cause of action, Plaintiff alleges that "John/Jane Doe" defendants retaliated against Plaintiff and exposed Plaintiff to a harmful chemical substance on July 2, 2015. Plaintiff alleges further that "unidentified medical staff" refused to provide medical treatment after the exposure. (Doc. 5). In this third cause of action, Plaintiff claims that Defendants Mahlman, Wilson, Hunyadi and other "unidentified state officials" have restricted his use of the prison grievance procedures. (Doc. 5). In his fourth cause of action, Plaintiff brings action against Defendants Cool, Lieutenant Frazie, Captain Whitman, Mead, Satterfield, and "other unidentified state officials" for "U.S. mail tampering and obstructions." (Doc. 5).

## II. ANALYSIS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Under the Prison Litigation Reform Act, a district court is required to conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff seeking redress against government entities or officer or employee of a governmental entity, 28 U.S.C. § 1915A. Under Sections 1915A(b)(1)

and 1915(e)(2)(B), a district court must screen and dismiss complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. The standard of review under these two statutes is the same standard used to evaluate dismissals under Federal Rule of Civil Procedure 12(b)(6):

> A prisoner's *pro se* complaint is to be read liberally, *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010), and when judging the sufficiency of a complaint, this court "accept[s] as true all non-conclusory allegations in the complaint and determine[s] whether they state a plausible claim for relief." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)).

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Magistrate Judge concluded that the following claims should be dismissed for failure to state a claim upon which relief may be granted: (1) claims against Defendants Anthony Cadogan and Rossena Clagg in Plaintiff's first cause of action; (2) the claims alleged in Plaintiff's second cause of action, except for the claims brought against the "John/Jane Doe" defendant who allegedly exposed plaintiff to a harmful chemical substance on July 2, 2015 and the "John/Jane Doe" defendants who allegedly refused to provide medical treatment for injuries suffered in that incident; and (3) Plaintiff's third cause of action. The Magistrate Judge also concluded that the following named defendants should be dismissed from this action: Mr. Holdren of SOCF's Safety and Sanitations Department; Anthony Cadogan, SOCF's Deputy Warden of Special Services; Rossena Clagg, SOCF's Health Care Administrator; Mrs. Mahlman, SOCF's Institutional Inspector; Mr. Roger Wilson ODRC's Chief Inspector; and Mr. Eugene Hunyadi, ODRC's Assistant Chief Inspector.

Plaintiff objects, explaining that Holdren, Cadogan, Clagg, Mahlman, Wilson and Hunyadi are "responsible parties, either directly involved in the participations or as condoning supervising official with whom knowingly allowed the unconstitutional transgressions to transpire as stipulated in complaint assertions." (Doc. 7, PAGEID # 85). Plaintiff explains that he possesses "a substantial amount of documents to provide undisputed verifications to defendants involvements to which is asserted in complaint." (Id.) Plaintiff explains further that "discovery in this matter will provide a substantial amount of credible evidence and verification to show and support listed Defendants' culpability that would justify the parties listings." (Id., PAGEID # 86).

The Court finds no error in the Magistrate Judge's conclusion that the claims against Cadogan and Clagg should be dismissed. "Supervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). "In other words, a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). For supervisory liability to attach, a plaintiff must allege "at a minimum" that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff's conclusory allegation that Cadogan and Clagg were directly involved or knowingly allowed the unconstitutional conduct to occur are insufficient to establish supervisory liability.

Similarly, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's second cause of action should be dismissed to the extent that Plaintiff claims "John/Jane Doe" defendants exposed him to a harmful chemical substance in retaliation for a lawsuit Plaintiff brought against Clagg. Plaintiff's conclusory allegations are insufficient to establish that Clagg implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct.

As to the third cause of action, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff fails to state a claim based upon restrictions on his use of prison grievance procedures. "[T]here is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Because Plaintiff has not alleged a violation of a constitutional right, he has not stated a claim under § 1983 in his third cause of action.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's May 3, 2016 Report and Recommendation ("R&R") is **ADOPTED**. Accordingly, Plaintiff may proceed with the following claims: his first cause of action to the extent that Plaintiff has alleged a claim against Defendant Dr. Ahmed based on the failure to treat a broken bone and infection in Plaintiff's right hand, as well as a claim against Dr. Ahmed and unidentified "John/Jane Doe" defendants for assaulting Plaintiff during a medical examination on March 9, 2015; his second cause of action to the extent that Plaintiff has alleged claims against a "John/Jane Doe" defendant for committing a retaliatory act by exposing Plaintiff to a harmful chemical substance on July 2, 2015, and against "John/Jane Doe" defendants who allegedly refused to provide medical treatment for injuries suffered in

that incident; and his fourth cause of action for alleged "U.S. mail tamperings and obstructions," which has been brought against Defendants Cool, Frazie, Whittman, Mead, Satterfield, and "other unidentified state officials."

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                           JUDGE MICHAEL R. BARRETT