UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEREMY P. GALLANT,<br>Plaintiff,<br><br>vs.<br><br>ANTHONY CADOGAN, et al.,<br>Defendants. | Case No. 1:16-cv-00487<br><br>Barrett, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

## I. Introduction

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se action under 42 U.S.C. § 1983 alleging violations of his civil rights under the First and Eighth Amendments to the United States Constitution. (Doc. 3). This matter is before the Court on (1) plaintiff's "Motion for Leave to Proceed" and for "Authorization and Acceptance of Filings" (Doc. 36), and (2) plaintiff's "Motion for Joinder of Parties-Defendants" (Doc. 37), defendants' response in opposition (Doc. 42), and plaintiff's reply in support of the motion (Doc. 43).

## II. Background

Plaintiff was granted leave to proceed *in forma pauperis* in this matter on May 3, 2016 (Doc. 2). After performing a *sua sponte* review of the complaint and the supporting allegations set forth in plaintiff's motion for injunctive relief (Docs. 3, 4), the undersigned issued an Order and Report and Recommendation on May 3, 2016, recommending that certain claims and defendants be dismissed and ordering that plaintiff could proceed on the following claims:

> [Plaintiff's] first cause of action to the extent that plaintiff has alleged a claim against defendant [Dr. Faisal] Ahmed based on the failure to treat a broken bone and infection in plaintiff's right hand, as well as a claim against defendant Ahmed and unidentified "John/Jane Doe" defendants for assaulting plaintiff during a medical examination on March 9, 2015; his second cause of action to the extent that plaintiff has alleged claims against a "John/Jane Doe" defendant for

committing a retaliatory act by exposing plaintiff to a harmful chemical substance on July 2, 2015, and against "John/Jane Doe" defendants who allegedly refused to provide medical treatment for injuries suffered in that incident; and his fourth cause of action for alleged "U.S. mail tamperings and obstructions," which has been brought against defendants [Mr.] Cool, [Lieutenant] Frazie, [Captain] Whittman, [Mr.] Mead, [Mr.] Satterfield, and "other unidentified state officials."

(Doc. 5). The District Judge adopted the Report and Recommendation by Order dated August 18, 2017. (Doc. 51).

In his motion for leave to proceed and for authorization and acceptance of filings, plaintiff requests leave to amend the complaint under Fed. R. Civ. P. 15(a)(2) to correct deficiencies in the original complaint. (Doc. 36). In his motion for joinder of party defendants, plaintiff requests leave to add defendants to the complaint under Fed. R. Civ. P. 20(a)(2).[1] (Doc. 37). Plaintiff states that he intends to substitute named defendants for the John Doe defendants listed in the original complaint. Plaintiff also asserts that his proposed amended complaint alleges additional violations of his constitutional rights that are closely related to those asserted in the original pleadings. (*Id.*). He contends that the assertions in the proposed amendment "involve events, omissions and retaliatory transgressions" committed by individuals not listed as defendants in the original complaint.

Plaintiff submitted a proposed amended complaint on February 22, 2017. (Doc. 39). Plaintiff names as defendants in the proposed amended complaint several defendants who were named in the original complaint and who were not dismissed by the Court. These are defendants Ahmed, Cool, Whitman, Frazie, Mead, and Satterfield. Plaintiff also names as defendants in the

---

[1] Rule 20(a)(2) states in part that "[p]ersons . . . may be joined in one action as defendants if:

  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
  (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2).

2

proposed amended complaint Cadogan, Clagg, Mahlman, Wilson, and Hunyadi, all of whom were previously dismissed from the lawsuit. (*See* Docs. 5, 51). Plaintiff also seeks to bring a new cause of action against Officer Burton, who was not named as a defendant in the original complaint, and a John Doe defendant in connection with an incident that occurred on December 12, 2015. (*Id.* at 6-8).

Defendants oppose plaintiff's motion for leave to amend and to add parties to the complaint. (Doc. 42). Defendants contend that the individuals named as defendants in the proposed amended complaint appear to be the same individuals plaintiff named as defendants in the original complaint. Defendants allege that plaintiff has not brought new claims against these individuals but instead has submitted a "repackaged and rolled-out" version of the original complaint, which the Court has already addressed. (*Id.* at 6). Defendants argue that the proposed amendment would be futile and plaintiff should not be granted leave to add as defendants Cadogan, Clagg, Mahlman, Wilson, and Hunyadi, all of whom have been dismissed from the lawsuit.[2]

In reply, plaintiff alleges that the amended complaint raises additional constitutional assertions that are intended to correct deficiencies in the original complaint. (Doc. 43). Plaintiff further argues that defendants have not addressed his motion to join parties but instead have focused only on whether the Court should grant leave to amend the complaint under Rule 15. Plaintiff asserts that his motion for joinder is brought under Fed. R. Civ. P. 19, "Required Joinder of Parties," and he does not address Fed. R. Civ. P. 20, "Permissive Joinder of Parties," the only

---

[2] Defendants further allege that service has not been perfected on defendant Ahmed and the Court therefore lacks personal jurisdiction over him. (Doc. 42 at 1, n.1).

3

Rule referenced in his motion for joinder.[3] Plaintiff argues that he should be granted leave to join parties under Rule 19 because the individuals he seeks to add as defendants are closely involved in the case and in the acts of retaliation alleged in the original complaint.

The Court finds that plaintiff's motion for joinder of parties is not properly brought under either Rule 19 or Rule 20. Plaintiff does not seek to hold defendants liable jointly, severally, or in the alternative so as to make Rule 20 applicable. Further, plaintiff has not shown that any of the criteria for joinder under Rule 19 apply. Rather, because plaintiff seeks to add allegations and new parties to the complaint, plaintiff's motions before the Court are properly construed together as a request for leave to amend the complaint under Fed. R. Civ. P. 15(a).

Rule 15(a) provides that a complaint may be amended once as a matter of course within 21 days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). If plaintiff wishes to amend the complaint after the 21 day period has expired, he must obtain consent of the opposing parties or leave of the Court. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by

---

[3] Rule 19(a)(2) states in part that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a)(2).

previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).

Proposed amendments to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. In reviewing a pro se prisoner's complaint, courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (new unrelated claims against new defendants not allowed).

Plaintiff's motion to amend the complaint should be denied. With a few exceptions discussed below, plaintiff's amended complaint seeks to add the same claims against the same defendants that were dismissed from the case on *sua sponte* review by the Court under §§ 1915 and 1915A. (Docs. 5, 51). Plaintiff has not alleged new and relevant factual allegations in support of the previously dismissed claims or any grounds for bringing those defendants who have been dismissed from the lawsuit back into the case. Although plaintiff suggests that he seeks to substitute the defendants named in the proposed amended complaint for the John Doe defendants listed in the original complaint (Doc. 37 at 2), this is not appropriate as plaintiff has simply renamed the dismissed defendants as parties to the same claims he brought against them in the original complaint. It would be futile to allow plaintiff to amend the complaint to rename these previously dismissed defendants as parties to the lawsuit. (*See* Doc. 51).

Plaintiff's motion to amend the complaint should also be denied insofar as plaintiff seeks to add new causes of action and new defendants. Plaintiff alleges a new cause of action in the proposed amended complaint against Officer Burton and a John Doe defendant arising out of an

5

incident that occurred on December 12, 2015. Plaintiff alleges that Officer Burton and John Doe assaulted him with OC spray (pepper spray) after plaintiff ended a hunger strike, refused to give the officers food he had obtained from another inmate, and attempted to conceal the food from the officers. (Doc. 39 at 6-8). Plaintiff alleges that the officers violated his Fourteenth Amendment rights by falsely reporting he had spit on them to justify their use of force and then induced him to plead guilty to rule infractions by threats of further punishment and loss of privileges. (*Id*. at 8). These claims are not related to the claims alleged in the original complaint. Therefore, if plaintiff wishes to pursue these claims, he should be required to raise them in a separately filed civil rights complaint. *See George,* 507 F.3d at 607. Similarly, insofar as plaintiff presents a claim in the proposed amended complaint against defendant Ahmed for perjury and defamation based on a declaration Ahmed submitted in a different lawsuit (*Gallant v. Ahmed, et al.*, Case No. 1:14-cv-00199), plaintiff must bring this claim in a separately filed civil rights lawsuit. (Doc. 39 at 4-5).

**IT IS THEREFORE RECOMMENDED THAT:**

1) Plaintiff's "Motion for Leave to Proceed" and for "Authorization and Acceptance of Filings" (Doc. 36) be **DENIED**.

(2) Plaintiff's "Motion for Joinder of Parties-Defendants" (Doc. 37) be **DENIED**.

Date: 8/28/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JEREMY P. GALLANT,
Plaintiff

vs.

MR. HOLDREN, et al.,
Defendants.

Case No. 1:16-cv-00383

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).