UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy P. Gallant,

    Plaintiff,

Case No. 1:16-cv-487

-vs-

District Judge Barrett
Magistrate Judge Litkovitz

Anthony Cadogan, *et al.*,

    Defendants.

## ORDER

This matter is before the Court on the magistrate judge's August 29, 2017 report (Doc. 52) recommending denial of: (1) Plaintiff's "Motion for Leave to Proceed" and for "Authorization and Acceptance of Filings" (Doc. 36); and (2) Plaintiff's "Motion for Joinder of Parties-Defendants" (Doc. 37). Read in conjunction, the motions seek leave to amend Plaintiff's complaint. On September 6, 2017, Plaintiff timely filed objections. (Doc. 57). Despite an opportunity to do so, Defendants did not file a response. This matter is now ripe for review.

By way of background, Plaintiff is an inmate the Southern Ohio Correctional Facility (SOCF), and brings this *pro se* action under 42 U.S.C. § 1983 for alleged violations of his civil rights under the First and Eighth Amendments to the United States Constitution. The magistrate judge summarized the procedural history of this case, which will not be restated here, except as necessary to address Plaintiff's objections. In sum, Plaintiff asks this Court to perform a full *de novo* review of his motions. (Doc. 57; PageID 436).

1

This Court shall consider objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review: "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991).

In light of Plaintiff's objections, asking that this Court perform a full *de novo* review, the Court must emphasize that a district judge's review of objections to a report and recommendation should not be duplicative. *Id.* "Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge." *Renchen v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 29910 at *3-4 (S.D. Ohio Mar. 11, 2015) (citing *Howard*, 932 F.2d at 508-09).

Here, Plaintiff's objections to the magistrate judge's report are too generalized. In addition to seeking an "in depth independent review," he vaguely argues that the magistrate judge misapplied the rules of civil procedure and engaged in "inaccurate speculations." (Doc. 57; PageID 435,436). However, the Court is unable to ascertain from his papers any objection that alerts the undersigned to the alleged, *specific* errors on the part of the magistrate judge. And, having reviewed the magistrate judge's report

2

on this non-dispositive matter, the Court finds no portion to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Therefore, in accordance with the above, the Court **ADOPTS** the report (Doc. 52) of the magistrate judge. Plaintiff's Motions (Doc. 37; Doc. 39) are **DENIED**.

**IT IS SO ORDERED.**

*s/ Michael R. Barrett*
Hon. Michael R. Barrett
United States District Judge