THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

JEREMY P. GALLANT,

  Plaintiff,

vs.

ANTHONY CADOGAN, ET. AL.,

  Defendants.

Case No.1:16-CV-00487-MRB

Judge Michael R Barrett

**ORDER**

This matter is before the Court on the magistrate judge's August 14, 2018 report (Doc. 95), recommending that: Plaintiff's motion to file excess pages (Doc. 86) be granted; Defendants' motion to strike non-comporting declarations (Doc. 92) be denied as moot; Defendants' motion to strike Plaintiff's response to Defendants' reply (Doc. 94) be granted; and Defendants' motion for summary judgment (Doc. 67) be granted.

On August 24, 2018, Plaintiff moved for an extension of time to file his objections. (Doc. 96). On August 30, 2018, the Court partially granted the same, ordering that any objections be filed on or before September 12, 2018. (Doc. 97). On September 14, 2018, the Court received and docketed three sets of papers from Plaintiff:

(1) "Motion for Leave to Proceed- Request to Exceed Page Limitations" (Doc. 98), attaching his 22-page set of objections as an exhibit (Doc. 98-1);

(2) Objections to the magistrate judge's recommendation that Plaintiff's supplemental memorandum be stricken, and motion for leave to file "Supplemental Opposition" (Doc. 99); and

1

(3) "Official Objection Response [to] Defendants' Motion to Strike" (Doc. 100).

The above-referenced papers do not include the required certificate of service. For the sake of resolving this case on the merits, however, the Court will assume without finding that the above-referenced papers were timely filed (even though they were docketed after the deadline).

At the outset, the Court will **GRANT** Plaintiff's motion (Doc. 98) for leave to file objections in excess of the page limit. Accordingly, the objections (Doc. 98-1) are accepted for filing.

I.     **BACKGROUND**

Plaintiff is an inmate at Southern Ohio Correctional Facility (SOCF), and asserts claims for: (1) deliberate indifference to a medical need (against Dr. Ahmed); (2) excessive force (against Dr. Ahmed and unnamed Doe defendants); (3) first amendment retaliation (against unnamed Doe defendants); (4) deliberate indifference to a medical need (against unnamed Doe defendants), after Plaintiff was allegedly exposed to a harmful chemical agent; and (5) tampering with the mail (against Defendants Cool, Frazie, Whittman, Mead, Satterfield, and "other unidentified state officials."). (Doc. 95, PageID 1390-91).

The magistrate judge summarized Plaintiff's factual allegations (Doc. 95), which will not be restated here except as necessary to address Plaintiff's objections. However, the Court wishes to independently echo the magistrate judge's observation that Plaintiff's *modus operandi* in this case has largely involved submitting to this Court relatively few factual allegations, yet hundreds of pages of documents that supposedly support his claims. As the magistrate judge observed, Plaintiff essentially "asks the Court to wade through the documents he has submitted to find evidence that contradicts defendants' allegations and supports plaintiff's claim[s]." (Doc. 95,

PageID 1407). The Court agrees with the magistrate judge that "the Court's burden on summary judgment is not to 'comb through the record to ascertain whether a genuine issue of material fact exists.'" (*Id.*) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000); *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407, 410 (6th Cir. 1992)).

The same way Plaintiff expects this Court to comb through the record, the form of Plaintiff's objections (Doc. 98-1) suggests that he likewise expects the Court to distill out of his papers his objections to the adoption of the magistrate judge's report and recommendation. However, Fed. R. Civ. P. 72 requires objections to be "specific":

> Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how de novo review will obtain a different result on that particular issue. Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge.

*Martin v. E.W. Scripps Co.,* No. 1:12CV844, 2013 U.S. Dist. LEXIS 155673, at *5 (S.D. Ohio Oct. 30, 2013) (*citations omitted*). "A general objection which does not specify the issues of contention is tantamount to filing no objections at all and does not satisfy the requirement that objections be filed." *Allen v. Ohio Dep't of Rehab. & Correction,* 202 F.3d 267 (6th Cir. 1999).

Here, Plaintiff's objections are not clearly set out. Although not required to do so under Fed. R. Civ. P. 72, this Court has reviewed Plaintiff's objections in an attempt to identify his <u>specific</u> objections to the magistrate judge's analysis. Beyond his constant yet wholly unsubstantiated refrain of "bias" by the magistrate judge, Plaintiff appears to object as follows: (A) the magistrate judge erred in striking Plaintiff's supplemental response to Defendants' reply (Doc. 98-1, PageID 1437-38); (B) the magistrate judge erred by relying on a "selective"

3

recitation of the facts (*id*. at 1434); (C) the magistrate judge erred in recommending dismissal of Plaintiff's official capacity claims (*id*. at 1440); and (D) the magistrate judge erred in construing all facts in favor of the moving party on the deliberate indifference, excessive force, and mail obstruction claims. The objections will be addressed below.

II. ANALYSIS

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

**(A) The Magistrate Judge Erred in Striking Plaintiff's Supplemental Response to Defendants' Reply**

After Defendants replied to Plaintiff's summary judgment opposition, Plaintiff filed a supplemental summary judgment opposition. The magistrate judge correctly observed that Plaintiff did not seek leave to file additional papers in opposition to summary judgment. However, Plaintiff argues that the magistrate judge should have considered his supplemental memorandum, which he submitted based on the belief that his original opposition (Doc. 87) had been lost in the mail. By Plaintiff's own admission, the supplemental memorandum was offered to ensure that "a legal presence be made in objection/opposition to Defendant['s] motion for

summary judgment." (Doc. 98-1, PageID 1437). (*See also* Doc. 100). However, the original opposition was received, docketed, and considered by the magistrate judge. Even setting aside Plaintiff's failure to seek leave to file post-reply papers, any need for a supplemental memorandum to ensure that the Court recognized Plaintiff's formal opposition became moot once Plaintiff's original papers were docketed. Accordingly, the Court finds no error in the magistrate judge's decision to strike the supplemental memorandum. As such, Defendants' motion to strike (Doc. 94) is **GRANTED**, Plaintiff's motion for leave (Doc. 99) is **DENIED**, and the objection is **OVERRULED**.

### (B) The Magistrate Judge Erred by Relying on a "Selective" Recitation of the Facts

Numerous times, Plaintiff challenges the magistrate judge's recitation of the facts as incomplete or selective, arguing for example that the magistrate judge "ignored" Defendants' purported campaign of harassment and retaliation against Plaintiff. (Doc. 98-1, PageID 1434). On review of the record before the Court, and the magistrate judge's recitation of the facts, the Court finds that the magistrate judge properly summarized Plaintiff's allegations and the evidence before the Court. Accordingly, the objection is **OVERRULED**.[1]

### (C) The Magistrate Judge Erred in Recommending Dismissal of Plaintiff's Official Capacity Claims

Defendants are employed by ODRC, and thus any claim against them in their "official capacity" is the equivalent of a claim against the State of Ohio. *Monell v. New York City Dept. of Soc. Services*, 436 U.S. 658. 690 (1978). The magistrate judge's R&R accurately states the

---

[1] The Court also rejects Plaintiff's suggestion that the magistrate judge "ignored" his first amendment retaliation claim (Doc. 98-1, PageID 1441), which is baseless. *See* Doc. 95, PageID 1415.

law regarding the State's immunity from suit, absent waiver. (Doc. 95, PageID 1395-96). Accordingly, this objection is **OVERRULED**.

### (D) The Magistrate Judge Erred by Construing All Facts in Favor of the Moving Party on the Deliberate Indifference, Excessive Force, and Mail Obstruction Claims

Plaintiff argues that on each of his claims, the magistrate judge improperly construed all facts in favor of the moving party. He also argues, in conclusory fashion, that the documentation on which Defendants rely in their motion for summary judgement was falsified. However, the magistrate judge did not construe all facts in favor of the moving party. Instead, she held Plaintiff to his burden in opposing summary judgment. Specifically, once the moving party has met its burden of production, the burden shifts to the non-moving party "to present sufficient evidence from which a jury could reasonably find for him." (Doc. 95, PageID 1406) (citing *Jones v. Muskegon County*, 625 F.3d 935, 940 (6th Cir. 2010)). The magistrate judge correctly observed that "plaintiff relies upon conclusory and wholesale denials in his response to defendants' motion." (*Id*. at 1407). The undersigned agrees. Accordingly, the remainder of Plaintiff's objections are **OVERRULED**.

### III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the report and recommendation (Doc. 95) of the magistrate judge. Consistent with the above:

(A) Plaintiff's motion for leave (Doc. 86) is **GRANTED**;

(B) Defendants' motion to strike non-comporting documents (Doc. 92) is **DENIED AS MOOT**;

(C) Defendants' motion to strike plaintiff's response to defendants' reply (Doc. 94) is **GRANTED**;

(D) Plaintiff's motion for leave to file excess pages (Doc. 98) is **GRANTED**, and Plaintiff's objections (Doc. 98-1) are accepted for filing;

(E) Defendants' motion for summary judgment (Doc. 67) is **GRANTED**; and

(F) Plaintiff's objections (Docs. 98-1, 99, 100) are **OVERRULED**.

Accordingly, this case is closed and terminated from the docket of this Court. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

s/*Michael R. Barrett*
United States District Judge